104 F.3d 349
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
In re HOOKER INVESTMENTS, INC., and L.J. Hooker Corporation,
Inc., Debtors.
TRADE CREDITOR GROUP, Edwards & Angell, and Corrs Chambers
Westgarth, Appellants,
v.
L.J. HOOKER CORPORATION, INC., and Australian Bank Group, Appellees.
 No. 95-5102.
 United States Court of Appeals, Second Circuit.
 Sept. 13, 1996.
 
 FOR APPELLANTS: Sandra A. Riemer, Edwards & Angell, New York, NY.
 FOR APPELLEES: Scott A. Eggers, Proskauer Rose Goetz & Mendelsohn, New York, N.Y. (for L.J. Hooker Corporation, Inc.)
 Thomas J. Weber, Coudert Brothers, New York, N.Y. (for Australian Bank Group).
 Before FEINBERG, CARDAMONE, and McLAUGHLIN, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued.
 
 
 2
 ON CONSIDERATION WHEREOF, it is hereby ordered, adjudged, and decreed that the judgment of the district court be and it hereby is AFFIRMED.
 
 
 3
 L.J. Hooker Corporation, Inc. ("Hooker") and several of its subsidiaries (together, the "Debtors") filed for Chapter 11 reorganization, see 11 U.S.C. §§ 1101 et seq., in the United States Bankruptcy Court for the Southern District of New York (Tina L. Brozman, Bankruptcy Judge ). Hooker's parent company, an Australian corporation, was coincidentally the subject of provisional liquidation under Australian insolvency laws. The bankruptcy court has approved a reorganization plan for the Debtors; and the Australian court has approved a series of "schemes of arrangement," which are analogous to reorganization plans, for the Australian parent.
 
 
 4
 The variety of the Debtors' business operations resulted in several categories of creditors. The "Trade Creditor Group" is a collection of creditors that extended credit to one or more of the Debtors. The Trade Creditor Group decided to apply to the bankruptcy court for the appointment of the American firm of Edwards & Angell ("E & A") and the Australian firm of Corrs Chambers Westgarth ("Corrs") as special counsel to represent their interests in the reorganization proceedings. Judge Brozman denied the application after a hearing. The Trade Creditor Group moved for reconsideration. After a conference in chambers on January 16, 1991, Judge Brozman allowed E & A and Corrs to proceed as special counsel for limited purposes.
 
 
 5
 After the plan of reorganization was approved, E & A and Corrs applied to the bankruptcy court for compensation for various pre-retention services as "administrative expenses," pursuant to 11 U.S.C. § 503(b). Much of the compensation sought was for services arising from or relating to the efforts of the Trade Creditor Group to retain E & A and Corrs as special counsel. Judge Brozman found:
 
 
 6
 The award of fees sought by special counsel ... relating to the retention of special counsel, including the multiple hours spent researching "Appeal" and "Reargument" [on the retention issue], is not allowed as those services did not provide a substantial benefit to the Debtors' estates. These fees should be sought from the trade creditors on whose behalf these services were performed.
 
 
 7
 In re Hooker Investments, Inc., 89-B-11986, at 7-8 (Bankr.S.D.N.Y. Dec. 30, 1992). Judge Brozman thus awarded E & A and Corrs only a small amount of the requested compensation for pre-retention services.
 
 
 8
 The Trade Creditor Group, E & A, and Corrs appealed to the United States District Court for the Southern District of New York (Charles S. Haight, Jr., Judge ). The district court affirmed the bankruptcy court's order, holding that:
 
 
 9
 Judge Brozman acted well within her discretion in concluding that the firms' earlier services, resulting in their appointment by the bankruptcy court as special counsel, primarily benefitted the Trade Creditor Group rather than "all parties in the case," and so for the most part did not qualify for compensation under § 503(b). Nor is there any basis in the record for disturbing the particular allocations made by the bankruptcy court between which pre-retention services were compensable under § 503(b) and which were not.
 
 
 10
 Trade Creditor Group v. L.J. Hooker Corp. (In re Hooker Investments, Inc.), 188 B.R. 117, 121 (S.D.N.Y.1995).
 
 
 11
 The Appellants now renew their arguments before this Court. We affirm for substantially the reasons stated in the district court's Opinion, dated November 2, 1995. See id. We have considered all of the arguments raised by Appellants, and find them to be without merit.
 
 
 12
 Accordingly, the decision of the district court is AFFIRMED.